IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOVINE MUSIC, INC, BIG POPPA MUSIC, UNIVERSAL MUSIC CORPORATION, JACKIE FROST MUSIC, INC., and JAYE'S BASEMENT, | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:24-cv-523-K |
| NICK'S CLUBS, INC – DALLAS-LIPSTICK and NICK MEHMETI, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendants Nick's Clubs, Inc. – Dallas-Lipstick and Nick Mehmeti filed a Motion to Quash Plaintiffs' Notice of Intention to Take the Oral Deposition of Nick's Clubs, Inc. – Dallas-Lipstick and Nick Mehmeti and Motion for Protective Order. *See* Dkt. No. 17 (the "MPO").

Plaintiffs Bovina Music, Inc., B I G Poppa Music, Jackie Frost Music, Inc., and Jay E's Basement filed a response, *see* Dkt. No. 20, and Defendants filed a reply, *see* Dkt. No. 21.

For the reasons and to the extent explained before, the Court grants in part and denies in part the MPO.

**Background**

Under the Court's Scheduling Order,

- "[t]he parties are ordered to complete mediation no later than October 4, 2024";

- "[b]y October 15, 2024 all discovery, including discovery concerning expert witnesses, shall be completed";

- "[a]ll motions that would dispose of all or any part of this case (including all motions for summary judgment), shall be filed by November 29, 2024"; and

- "[t]his case is set for BENCH trial on the Court's three-week docket beginning May 5, 2025."

Dkt. No. 12 at 1-3.

On Monday, September 30, 2024, Plaintiffs served Notices for in-person depositions of Nick's Clubs, Inc. – Dallas-Lipstick and Nick Mehmeti by FedEx, with overnight delivery on Tuesday, October 1, 2024. *See* Dkt. No. 17-1. On Friday, October 4, 2024, Plaintiffs served on Defendants' counsel Amended Notices for in-person depositions of Nick's Clubs, Inc. – Dallas-Lipstick and Nick Mehmeti by hand delivery.

The depositions were noticed for 9:00 a.m. CDT on Thursday, October 10, 2024 for Defendant Nick Mehmeti and for 1:00 p.m. CDT on Thursday, October 10, 2024 for the Federal Rule of Civil Procedure 30(b)(6) deposition of the corporate representative of Defendant Nick's Clubs, Inc. – Dallas-Lipstick. *See* Dkt. Nos. 17-1 & 17-2.

The notice for the corporate representative of Defendant Nick's Clubs, Inc. – Dallas-Lipstick included 19 deposition topics for the Rule 30(b)(6) deposition. *See* Dkt. No. 17-1 at 9-11 of 11; Dkt. No. 17-2 at 9-11 of 11.

**Legal Standards**

The Court has laid out the standards that govern a Federal Rule of Civil Procedure 26(c) motion for protective order, and the Court incorporates and will apply – but will not repeat – those standards here. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 242-45 (N.D. Tex. 2016).

Under Federal Rules of Civil Procedure 30(b)(1) and 30(b)(6), "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party," and, "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(1), 30(b)(6).

The United States Court of Appeals for the Fifth Circuit has explained in this context of a Federal Rule of Civil Procedure 30(b)(6) deposition of a corporate representative that "Rule 30(b)(6) is designed to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-33 (5th Cir. 2006) (cleaned up).

"Therefore, the deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully,

completely, unevasively, the questions posed ... as to the relevant subject matters."
*Id.* at 433 (cleaned up).

And "[t]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* (cleaned up).

"For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *7 (N.D. Tex. Oct. 23, 2017) (cleaned up).

And, so, "Rule 30(b)(6) requires that a party seeking to depose an organization 'must describe with reasonable particularity the matters for examination.'" *Id.* (quoting FED. R. CIV. P. 30(b)(6)).

"Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Id.* (cleaned up).

And, as recently amended, Rule 30(b)(6) requires that, "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." FED. R. CIV. P. 30(b)(6).

## Analysis

### I.   Rule 30(b)(1)'s reasonable written notice requirement

Defendants object to the notices "because Plaintiffs failed to provide reasonable notice and even attempt to confer regarding availability for a deposition when noticing it for a period shorter than what constitutes reasonable notice in this district." Dkt. No. 17 at 2. According to Defendants, the Amended Notices – "if the days start on the first business day after service" – give four days' notice. *Id.* at 3.

Defendants acknowledge that Plaintiffs' counsel "sought to extend the discovery deadline due to settlement negotiations" but note that "Defendants had not yet responded to such request and had not agreed." *Id.* But Defendants explain that, "when counsel for Defendants' sought an extension of time to respond to discovery requests Plaintiffs had served due to the parties independently working toward a settlement, Plaintiffs rejected such request" and that, "in an email dated September 19, 2024, counsel for Defendants informed Plaintiff's counsel of Defendant's intent to travel in October." *Id.*

"While Rule 30(b)(1) does not define 'reasonable written notice,' courts within the Fifth Circuit have held that at least ten days is normally required." *Duhaly v. Cincinnati Ins. Co.*, No. CV H-18-4158, 2019 WL 3202307, at *1 (S.D. Tex. July 16, 2019) (collecting cases); *accord Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.*, No. 3:22-cv-1944-G-BT, 2023 WL 9181587, at *2 (N.D. Tex. June 14, 2023) (same). Other courts in this circuit have explained that, "[w]hile the rules do not expound on

what exactly constitutes reasonable notice, case law is both instructive and consistent that less than a week's notice cannot constitute reasonable notice" and have found "that seven (7) days' notice – let alone four (4) days' notice – cannot provide reasonable notice," *Matter of Tara Crosby, LLC*, No. CV 17-5391, 2019 WL 5634182, at *3 (E.D. La. Oct. 31, 2019) (cleaned up), and that "[o]ne day cannot conceivably be construed as enough notice to properly formulate a deposition strategy, prepare the witnesses, notify the court reporters, etcetera to be considered 'reasonable,'" *Perry v. Zurich Am. Ins. Co.*, No. CV 18-04185, 2019 WL 7558133, at *2 (E.D. La. July 26, 2019).

And, more specifically in the context of noticing a Rule 30(b)(6) deposition, another judge in this district has noted that "courts in the Fifth Circuit have ruled that two weeks is reasonable notice, but a week or less is not reasonable notice," and that the party in that case had "not cited any authority that would support the reasonableness of notice of a corporate representative's deposition of less than one day." *Rickman v. Moore*, No. 7:16-cv-25-O, 2016 WL 9559817, at *2 (N.D. Tex. Aug. 3, 2016) (collecting cases).

But "the question of whether notice is reasonable for purposes of Rule 30(b)(1) goes hand in hand with the stated reason for the exigency necessitating short notice." *Sanchez v. England*, No. EP-17-CV-354-KC, 2018 WL 7350677, at *1 (W.D. Tex. Sept. 27, 2018). And, so, "[w]hat constitutes reasonable notice often turns on the particular circumstances of the case." *Davis v. Amazon.com Servs. LLC*, No. 6:20-cv-01178-ADA-JCM, 2022 WL 18034363, at *1 (W.D. Tex. Jan. 17, 2022) (cleaned up). This court

has, under appropriate circumstances, found that four days' notice for the deposition of a plaintiff was reasonable under Rule 30(b)(1). *See Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L-BN, 2015 WL 12765513, at *2 (N.D. Tex. May 14, 2015).

Of course, last-minute and short-fuse deposition notices are not excused from Rule 30(b)(1)'s reasonable-notice requirement just because the noticing party waited until too close to the discovery cutoff to seek a deposition. And, so, courts have held that offering a "looming discovery deadline" as a "stated reason for [a] short notice" "is inadequate to justify it." *Sanchez*, 2018 WL 7350677, at *2 (cleaned up).

Defendants fault Plaintiffs for waiting until the parties' September 30, 2024 mediation date to serve deposition notices in advance of the October 15, 2024 discovery cutoff. Defendants assert that they had only seven days' notice of the original deposition notices because of the three-day "mailbox" rule for FedEx-delivered notice and that they had only four days' notice of the amended notices if the Court counts from the next business day after service by hand delivery. And Defendants offer no response to Plaintiffs' continued suggestion that the discovery deadline could be extended to permit the depositions to take place after October 15.

Plaintiffs contend that Defendants "don't specify what is unreasonable about the timing of the deposition notices – e.g., counsel has a conflict, Mr. Mehmeti has a conflict, the defendants need time to review documents" – and that Defendants "write as if the reasonableness of the notice is an objective matter – e.g., a minimum number of days – rather than what would be reasonable under the circumstances." Dkt. No.

20 at 2. And Plaintiffs point out that Defendants "note that Mr. Mehmeti had previously indicated, through counsel, an 'intent to travel in October,' but they offer no evidence or argument that this is an irresolvable conflict." *Id.*

Plaintiffs contend that Defendants "simply refuse the simplest accommodation here: they decline to state *when* Mr. Mehmeti would be available, or to suggest how to arrange for these depositions, or to indicate why extending the discovery deadline is not part of a feasible solution." Dkt. No. 20 at 3. According to Plaintiffs, "[i]t appears that the defendants simply don't want to have to appear for their depositions, and that's not enough." *Id.*

Plaintiffs urge that the Court should order Defendants "to appear for a remote Zoom videoconference deposition (unless defendants state a preference for an in-person deposition at plaintiffs' counsel's law offices) on the date and time specified in the deposition notices – October 10, 2024 – or at a convenient time for defendants in the near future, extending the October 15, 2024 discovery cutoff as needed." Dkt. No. 20 at 1.

The Court finds, under the circumstances, that notices delivered on Tuesday, October 1, 2024 – or, at the latest, Thursday, October 3, 2024 – followed by the amended notices delivered on Friday, October 4, 2024 for Thursday, October 10, 2024 depositions all provided Defendants with reasonable written notice under the circumstances, as Rule 30(b)(1) requires. The amended notices were hand-delivered on Friday, October 4, 2024 (and not on Monday, October 7, 2024) and only changed

the noticed depositions from remote by Zoom to in-person because, as Plaintiffs explain, under Federal Rule of Civil Procedure 30(b)(4), a remote deposition requires the parties' agreement. *See* Dkt. No. 20 at 4. The noticed dates and times for the depositions remained unchanged, as did the Rule 30(b)(6) deposition topics.

And, so, the Court finds no basis to quash the notices or enter a protective order based on an alleged lack of reasonable notice of the depositions.

## II.    Objections that Topic Nos. 2, 8, and 14

- Topic No. 2: The activities engaged in by NCDL, including commercial activities both related and unrelated to the ownership, control, management, operation, and maintenance of Lipstick.

- Topic No. 8: Contacts, communications, correspondence, and dealings between Defendants (or either of the Defendants) and ASCAP; Broadcast Music, Inc. (BMI); SESAC, Inc.; Global Music Rights; and any other entity regarding the licensing of the rights of public performance in copyrighted music.

- Topic No. 14: NCDL's revenues and expenses from 2013 to present.

As to these topics, Defendants contend that "Topics 2 and 8 [] are overbroad and vague" and that "Topic 14 is overbroad as to time and scope and is improper fishing expedition seeking post-judgment discovery." Dkt. No. 17 at 4.

That's not a lot to go on. And Plaintiffs respond that, "[i]n cryptic objections to three Rule 30(b)(6) topics, [D]efendants did not suggest any resolution" but that Plaintiffs "are willing to voluntarily narrow Topics 2 and 14" while maintaining "Topic 8 is relevant, straightforward, and need not be narrowed." Dkt. No. 20 at 6.

Defendants maintain in reply that Topic No. 2 is hopelessly overbroad and cannot be acceptably narrowed and that Topic Nos. 8 and 14 are improper attempts

at what should be reserved for post-judgment discovery to ascertain Defendants' assets for possibly collecting on any judgment. *See* Dkt. No. 21 at 4-5.

The Court agrees with Defendants regarding Topic No. 2, which, even with Plaintiffs' proposed narrowing, extends well beyond the basis on which Plaintiffs defend its relevance. The Court enters a protective order that relieves the corporate representative from any responsibility to be prepared for or testify on Topic No. 2.

But the Court is persuaded by Plaintiffs' explanations regarding the relevance and purpose of Topic Nos. 8 and 14. And, while the Court agrees with Plaintiffs that there is no need or basis to narrow Topic No. 8, the Court narrows Topic No. 14 to cover "NCDL's revenues and expenses from 2022 to present," which extends back one year before the alleged infringing activity.

### III.  Award of Reasonable Expenses

Because the Court has granted in part and denied in part the MPO, the Court determines that, under Federal Rules of Civil Procedure 37(a)(5)(C) and 26(c)(3), considering all of the circumstances here, the parties will bear their own expenses, including attorneys' fees, in connection with this MPO.

### Conclusion

For the reasons and to the extent explained above, the Court grants in part and denies in part Defendants Nick's Clubs, Inc. – Dallas-Lipstick and Nick Mehmeti's Motion to Quash Plaintiffs' Notice of Intention to Take the Oral Deposition

of Nick's Clubs, Inc. – Dallas-Lipstick and Nick Mehmeti and Motion for Protective

Order [Dkt. No. 17].

Unless the parties agree otherwise as to conducting the depositions remotely

or to a later date (before October 15, 2024) for the depositions, Defendant Nick

Mehmeti must appear for the noticed in-person deposition at 9:00 a.m. CDT on

Thursday, October 10, 2024 and the corporate representative of Defendant Nick's

Clubs, Inc. – Dallas-Lipstick must appear for the noticed in-person, Federal Rule of

Civil Procedure 30(b)(6) deposition at 1:00 p.m. CDT on Thursday, October 10, 2024,

which will cover the noticed Topic Nos. 1 and 3 through 19, with Topic No. 14

narrowed as laid out above.

If the parties agree to extend the discovery deadline to accommodate later

deposition dates, the Court's Scheduling Order provides that "[t]he deadlines set forth

in this Scheduling Order may be extended only by formal written motion to the Court

and only upon a showing of good cause." Dkt. No. 12 at 1.

SO ORDERED.

DATED: October 8, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE