IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOVINA MUSIC, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0523-K |
| | § | |
| NICK'S CLUBS, INC.—DALLAS-LIPSTICK and NICK MEHMETI, | § § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Summary Judgment (Doc. No. 32), brief in support (Doc. No. 33), and Appendix (Doc. No. 34) (together, the "Motion"). Defendants filed a Response (Doc. No. 35) and Appendix in Support (Doc. No. 36) (together, the "Response"), and Plaintiffs filed a Reply (Doc. No. 39). Upon leave of the Court, Defendants then filed a Sur-reply (Doc. No. 43) and Plaintiffs filed a sur-sur-reply (Doc. No. 44).

The Court has carefully considered the Motion, the Response, and each of the replies, as well as the supporting appendices, the applicable law, and any relevant portions of the record. First, for the purposes of determining this Motion, the Court **OVERRULES** all of Defendants' objections to Plaintiffs' summary judgment evidence. The Court **DENIES** Defendants' request that the Court find Plaintiffs' copyright infringement claim is barred by equitable estoppel or laches because Defendants did

1

not meet their summary judgment burden on these affirmative defenses. The Court also concludes that Defendants' arguments Plaintiffs lack standing and have failed to join all necessary and indispensable parties do not preclude summary judgment in favor of Plaintiffs.

The Court has considered Federal Rule of Civil Procedure 26(a), the applicable case law, and the relevant factors in deciding whether to exclude the Declaration of Renaldo Norton as requested by Plaintiffs. *See Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). In its discretion, the Court **DENIES** Plaintiffs' request to exclude this evidence. *See id.* However, the Court will allow Plaintiffs an opportunity to depose Renaldo Norton outside the discovery period should they so request. Plaintiffs shall make said request **within 7 days of the date of this Memorandum Opinion and Order**. The Court also **DENIES** Plaintiffs' request for a court order setting forth facts not in dispute as this was made for the first time in their Reply and the Court **declines** to issue such an order on its own motion.

The Court has viewed all evidence and reasonable inferences in the light most favorable to Defendants, the nonmovants, and resolved all disputed facts in their favor. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Summary judgment as a matter of law is not appropriate because the Court concludes that a genuine dispute of material fact exists, specifically whether the copyrighted musical compositions were performed publicly. *See* FED. R.

CIV. P. 56(a)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, the Court **DENIES** Plaintiffs' Motion for Summary Judgment.

In light of the Court's rulings, the Court **CONTINUES** the current trial setting. The Court will reset the trial date by separate order.

The Court further **ORDERS** the parties to mediate this matter **by June 16, 2025**, and to file a mediation report **by June 23, 2025**. The Court **APPOINTS** Paul D. Stickney, United States Magistrate Judge (Retired), as mediator. The parties shall contact Judge Stickney at (682)313-9656 or judgestick@gmail.com to schedule mediation.

**SO ORDERED.**

Signed April 17th, 2025.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE